# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARIQ HOFFMAN, a/k/a/ URK, | No. 4:20-CV-0790 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN E. BRADLEY, USP-CANAAN, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 4, 2020

Petitioner Tariq Hoffman ("Hoffman") files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the October 16, 2017 Judgment and Sentence entered in the United States District Court for the District of New Jersey.[1] He essentially argues that his guilty plea is invalid based on *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019).[2]

I am obligated to undertake preliminary review of the petition pursuant to Rules 1 and 4 of the Rules Governing Habeas Corpus Cases under § 2254. Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

---

[1] Doc. 1.
[2] Doc. 2, pp. 1-4.

petition and direct the clerk to notify the petitioner."[3] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.[4]

For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. BACKGROUND

The electronic docket sheet in Hoffman's United States District Court for the District of New Jersey criminal case, *USA v. Hoffman*, 3:17-cr-0080-BRM-1, reveals that on October 16, 2017, he entered into a plea agreement whereby he would plead guilty to 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm/Ammunition.[5] Included in the plea agreement were explicit appeal and collateral attack waivers.[6] On that same date, the district court imposed a sentence of 120 months' imprisonment.[7] Hoffman did not pursue a direct appeal. Nor did he seek relief pursuant to 28 U.S.C. § 2255. He now pursues relief *via* 28 U.S.C. § 2241.

## II. ANALYSIS

Hoffman contends that his "[p]lea was not made knowingly and voluntarily and that *Rehaif v. United States* is applicable to his sentence and or conviction."[8] *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the

---

[3] *See* R. GOVERNING § 2254 CASES R.4.
[4] *Id.* at R.1(b).
[5] https://njd-ecf.sso.dcn/cgi-bin/DktRpt.pl?386650346554814-L_1_0-1
[6] Doc. 2, p. 4;
[7] https://njd-ecf.sso.dcn/cgi-bin/DktRpt.pl?386650346554814-L_1_0-1
[8] Doc. 1, p. 2.

Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[9]

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.[10] Hoffman, however, asserts that Section 2255 is inadequate and ineffective because the AEDPA would procedurally time bar his claim.[11] And, further, plea agreement expressly waived his ability to challenge the plea through a direct appeal or collateral attack. As such, he relies on 28 U.S.C. § 2241 to challenge the legality of his guilty plea and sentence.

A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective.[12] Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.[13] Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus

---

[9] *Rehaif v. United States*, — U.S. —, 139 S. Ct. 2191, 2200 (2019).
[10] *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).
[11] Doc. 2, p. 3.
[12] *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52.
[13] *See id.* at 251.

petition in this court.[14]

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.' *Id.* Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.[15]

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Hoffman has not yet pursued relief in the sentencing court *via* § 2255 and he fails to demonstrate that he is barred from challenging the legality of the conviction or raising his *Rehaif* claim under that provision. Inasmuch as he argues that he is unable proceed under § 2255 due to the appeal and collateral attack waivers contained within the plea agreement, he has yet to afford the sentencing court the opportunity to address the validity of the waivers. If a petitioner improperly challenges a federal conviction or sentence under § 2241,

---

[14] *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.
[15] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

as is the case here, the petition must be dismissed for lack of jurisdiction. *Cradle*, 290 F.3d at 539. The dismissal is without prejudice to Hoffman's right to seek relief in the sentencing court pursuant to 28 U.S.C. § 2255.

### III.   CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge